UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAYTON OATES,<br>131 Madeira Ave, Coral Gables, FL 33134<br><br>Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, NW, Washington, D.C. 20520<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave NW, Washington, D.C. 20004<br><br>Defendants. | Case No.: 1:26-cv-4188<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT |

**INTRODUCTION**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, to compel U.S. Department of State ("DOS") and U.S. Customs and Border Protection ("CBP") (collectively the "agencies") to comply with FOIA requests.

2. In this lawsuit, Plaintiff seeks production of records improperly withheld and to compel the agencies to conduct an adequate search as FOIA requires.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction under 28 U.S.C. § 1331.

4. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Plaintiff Clayton Oates is an attorney with the law firm Kurzban Kurzban Tetzeli and Pratt, P.A. He is the requestor for the FOIA requests at issue in this litigation.

7. Defendant DOS is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA request.

8. Defendant CBP is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

### A. Statutory Framework

9. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 522(a)(3)(A).

10. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

11. An agency must comply with a FOIA request by issuing a determination within 20 business days of receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

12. The determination "must at least inform the request of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 771 F.3d 180, 186 (D.C. Cir. 2013).

13. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

14. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

15. An agency's failure to comply with any timing requirement is deemed a constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

16. After an agency responds to a FOIA request, a requestor may file an administrative appeal. An agency must respond to administrative appeal within 20 business days of receiving an appeal. *Id.* § 552(a)(6)(A)(ii).

17. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

18. In responding to a FOIA request, an agency must make a reasonable search. *See* 5 U.S.C. § 552(a)(3)(C). FOIA also prohibits an agency from improperly withholding responsive records, *id.* § 552(a)(3)(A), or failing to produce segregable information, *id.* § 552(a)(8)(A)(ii).

**B. Factual Background**

19. Plaintiff Clayton Oates is an attorney with the law firm Kurzban Kurzban Tetzeli & Pratt, P.A., and he seeks records held by DOS and CBP, and/or their component agencies on behalf of his clients, Alba Maria Higueros Lorenesi, Juan Pablo Gutierrez Higueros, and Valeria Gutierrez Higueros (collectively the "Clients").

**DOS FOIA Requests**

20. Plaintiff filed three FOIA requests with DOS on August 19, 2026 ("DOS Requests"). The DOS Requests seek records related to the Clients' visa applications and documents held or created by DOS related to the Clients.

21. DOS assigned the request for Alba Maria Higueros Lorenesi number **F-2026-25504**.

22. On August 21, 2026, DOS informed Plaintiff that it would be unable to respond to the FOIA request for Alba Maria Higueros Lorenesi in 20 business days, due to "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

23. DOS assigned the request for Juan Pablo Gutierrez Higueros number **F-2026-25507**.

24. On August 24, 2026, DOS informed Plaintiff that it would be unable to respond to the FOIA request for Juan Pablo Gutierrez Higueros in 20 business days, due to "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

25. DOS assigned the request for Valeria Gutierrez Higueros number **F-2026-25518**.

26. On August 21, 2026, DOS informed Plaintiff that it would be unable to respond to the FOIA request for Valeria Gutierrez Higueros in 20 business days, due to "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

27. To date, DOS has not produced records in response to the FOIA request.

**CBP FOIA Requests**

28. Plaintiff filed three FOIA requests with CBP on October 19, 2026 ("CBP Requests"). The CBP Requests seek any and all records related to the Clients' entries/admissions/paroles into the United States.

29. CBP assigned the request for Alba Maria Higueros Lorenesi number **CBP-FO-2027-009858**.

30. On November 24, 2026, CBP informed Plaintiff by email that it received the FOIA request on behalf of Alba Maria Higueros Lorenesi and that CBP had a current backlog of FOIA requests. CBP stated that it "may take 9 to 12 months" to produce a response to Plaintiff's request.

31. CBP assigned the request for Juan Pablo Gutierrez Higueros number **CBP-FO-2027-009862**.

32. On November 24, 2026, CBP informed Plaintiff by email that it received the FOIA request on behalf of Juan Pablo Gutierrez Higueros and that CBP had a current backlog of FOIA requests. CBP stated that it "may take 9 to 12 months" to produce a response to Plaintiff's request.

33. CBP assigned the request for Valeria Gutierrez Higueros number **CBP-FO-2027-009876**.

34. On November 24, 2026, CBP informed Plaintiff by email that it received the FOIA request on behalf of Valeria Gutierrez Higueros and that CBP had a current backlog of FOIA requests. CBP stated that it "may take 9 to 12 months" to produce a response to Plaintiff's request.

35. To date, CBP has not produced records in response to any of the FOIA requests made on behalf of the Clients nor invoked any exception for the delays under the FOIA.

## CAUSES OF ACTION

### Count I:
### Agencies' Failure to Respond to Request Within Statutory Timeframe

36. Plaintiff incorporates paragraphs 1 through 35, as if fully stated in this Count.

37. DOS and CBP have failed to respond to Plaintiff's FOIA requests within the statutorily mandated timeframe, in violation of FOIA, 5 U.S.C. § 522(a)(6)(A)(i).

38. Though DOS cited "unusual circumstances" to extend FOIA's statutory deadline to produce the requested records, DOS has failed to respond to Plaintiff's requests after ten *additional* working days, so is therefore in violation of the FOIA. *See* 5 U.S.C. § 522(a)(6)(B)(i) ("No such notice [of an extension due to unusual circumstances] shall specify a date that would result in an extension more than ten working days [. . .]").

39. Similarly, while CBP informed Plaintiff of its current backlog, it did not cite to any "unusual circumstances" which would prevent the agency from producing a response to Plaintiff's requests within FOIA's statutory deadline. CBP's "backlog" of FOIA requests does not meet the definition of "unusual circumstances" under 5 U.S.C. § 522(a)(6)(B)(iii), so it is in violation of the FOIA.

40. Accordingly, Plaintiff is entitled to an order compelling the agencies to produce records in response to the FOIA requests.

**Count II:**
**Agencies' Failure to Conduct Adequate Search and Produce Segregable Records**

41. Plaintiff incorporates paragraphs 1 through 35, as if fully stated in this Count.

42. The agencies have failed to make reasonable efforts to search for records responsive to Plaintiff's FOIA request, in violation of FOIA. *See* 5 U.S.C. § 552(a)(3).

**ATTORNEYS' FEES**

43. Plaintiff incorporates paragraphs 1 through 42 herein, as if fully stated in this Count.

44. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation costs in connection with this lawsuit. 5 U.S.C. § 552(a)(4)(E)(i).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on his behalf and:

a. Declare that DOS and CBP are in violation of FOIA for failing to timely process Plaintiff's FOIA requests;

b. Order DOS and CBP to immediately adjudicate Plaintiff's FOIA requests, conduct an adequate search for records, and produce all records responsive to Plaintiff's requests;

c. Award Plaintiff costs and reasonable attorneys' fees incurred in bringing this action; and

d. Grant such other relief as the Court may deem just and proper.

Dated: November 25, 2026

Respectfully submitted,

/s/ Yanal Yousef
YANAL YOUSEF
BAR ID: MD0242
yyousef@kktplaw.com

KURZBAN KURZBAN
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Tel: (305) 444-0060
Fax: (305) 444-3503